Filed 4/14/23  P. v. Aikens CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B319872 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA355108) |
| v. | |
| KENYON AIKENS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael D. Carter, Judge.  Reversed with directions.

Law Office of Stein and Markus, Andrew M. Stein, Joseph A. Markus; and Brentford Ferreira for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Charles S. Lee and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Kenyon Aikens (defendant) appeals from the order denying his petition for vacatur of his murder conviction and resentencing, filed pursuant to Penal Code former section 1170.95 (now § 1172.6).[1] Defendant contends the trial court erred in finding his petition failed to make a prima facie showing of eligibility under the statute. Both parties assert that the matter must be remanded for an evidentiary hearing pursuant to section 1172.6, subdivision (d). We agree and reverse with directions.

## BACKGROUND

**The 2014 judgment**

In 2014, a jury convicted defendant and a codefendant of first degree murder, attempted robbery, and first degree burglary. The jury found true the special circumstance alleged pursuant to section 190.2, subdivision (a)(17), that defendants committed the murder in the commission or attempted commission of burglary and robbery. The jury also found true the allegation as to both defendants that a principal was armed in the commission of the offenses (§ 12022, subd. (a)(1)). Defendant was sentenced to life in prison without the possibility of parole.

---

[1] Effective June 30, 2022, Penal Code former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the section by its new number.

All further unattributed code sections are to the Penal Code unless otherwise stated.

We affirmed the judgment against defendant in *People v. Aikens et al.* (Nov. 2, 2017, B270559) [nonpub. opn.].

**Senate Bill No. 1437**

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437, amending the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature also added section 1172.6, which provided a procedure for those convicted of murder to seek retroactive relief if they could not be convicted under sections 188 and 189 as amended effective January 1, 2019. (See *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

As relevant here, a section 1172.6 petition must set forth three conditions to be eligible for resentencing: (1) the petitioner was charged with murder under a theory of felony murder, (2) the petitioner was convicted of murder and (3) could not presently be convicted of murder because of changes to section 189, effective January 1, 2019. (See § 1172.6, subd. (a).) Where a petition alleges the statutory conditions to eligibility, the trial court must appoint counsel, entertain briefing by both parties, and then "proceed[] to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. (§ [1172.6], subd. (c).)" (*Lewis, supra*, 11 Cal.5th at p. 960; see *id.* at p. 962.) If the court determines that a prima facie showing has been made, it must issue an order to show cause and then hold an evidentiary hearing pursuant to section 1172.6, subdivision (d) to determine

whether to vacate the conviction and resentence the petitioner. (§ 1172.6, subd. (c); *Lewis, supra*, at p. 960.)

**Defendant's first section 1172.6 petition**

In April 2019, prior to the publication of *Lewis, supra*, 11 Cal.5th 952, defendant filed a petition pursuant to section 1172.6, which alleged all three conditions required by section 1172.6, subd. (a), as follows: Defendant had been charged with murder by information that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[2]; defendant was convicted of murder at trial; defendant was not the actual killer, nor did he aid and abet the actual killer with intent to kill; defendant was not a major participant in the felony or act with reckless indifference to human life; the victim was not a police officer; and defendant could not now be convicted of murder because of the changes made to sections 188 and 189, effective January 1, 2019. Defendant also requested that counsel be appointed.

The trial court appointed counsel, entertained briefing from both sides, and heard argument. On January 14, 2020, the trial court denied the petition at the prima facie stage without issuing an order to show cause or calling an evidentiary hearing. The court relied on the finding in the appellate opinion in *People v. Aikens et al., supra*, B270559, that substantial evidence supported a finding that defendant was the actual killer.[3]

---

[2]  In response to the petition, the prosecution acknowledged that the theory advanced at trial was felony murder.

[3]  Though the jury did not make that finding, it instead found that a principal used a firearm. The appellate court inferred that defendant was the shooter since although both defendant and codefendant were in the room with the victim, substantial

4

**The *Lewis* decision and Senate Bill No. 775**

Before the California Supreme Court issued *Lewis, supra,* 11 Cal.5th 952, there had been a split of authority in the courts of appeal regarding whether the prima facie determination could be made based on a substantial evidence review of the record of conviction to support the conclusion the petitioner could still be convicted of murder following the amendments to sections 188 and 189. (See *People v. Aleo* (2021) 64 Cal.App.5th 865, 871–872, and cases cited therein.) *Lewis* held that the courts may look to the record of conviction at the prima facie stage, but cautioned that the " 'prima facie bar was intentionally and correctly set very low,' " and that "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra,* 11 Cal.5th at p. 972.) At the prima facie stage the court must accept the petitioner's factual allegations as true and make a preliminary assessment of entitlement to relief if the allegations were proved. Only where the record of conviction contains established facts showing that petitioner is ineligible for resentencing *as a matter of law* may the court find no prima facie showing has been made. (*Id.* at p. 971; see *People v. Duchine* (2021) 60 Cal.App.5th 798, 815.)[4]

---

evidence showed that defendant was armed during the robbery and pointed a gun at the victim, that only one gun was fired, and there was insufficient evidence that the codefendant was also armed.

[4] "[A]s a matter of law" means that the record of conviction *conclusively* refutes the allegations of the petition without resort to factfinding, weighing of evidence, or credibility determinations. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.) For example,

The Legislature thereafter passed Senate Bill No. 775 (2021-2022 Reg. Sess.), effective January 1, 2022. Senate Bill No. 775 which was intended to clarify the discussion in *Lewis*, *supra*, 11 Cal.5th at pages 970-972, regarding the evidence a court may consider at a resentencing hearing; and it codified the holding in *Lewis* at pages 961-970 regarding the right to counsel and the standard for determining the existence of a prima facie case. (Stats. 2021, ch. 551, § 1, subds. (b), (d).) The amendment also reaffirmed that the proper burden of proof for a resentencing hearing is beyond a reasonable doubt. (*Id*. at § 1, subd. (c).)

**Defendant's second petition**

In January 2022, defendant filed a second resentencing petition, which was heard by a different judge.[5] The prosecution filed opposition asserting that the petition should be denied as an improper successive petition. The trial court agreed but also reached the merits of the petition. The court conducted a review of the of the record of conviction, including the appellate opinion in *People v. Aikens et al.*, *supra*, B270559, and found the evidence supported its own conclusion that defendant was the actual shooter, as well as the appellate court's conclusion that substantial evidence supported a finding that defendant was the actual shooter. In addition, upon reviewing the factors outlined in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark*

---

where the record of conviction shows no jury instructions were given regarding felony murder or the natural and probable consequences doctrine, a petitioner is ineligible for relief as a matter of law. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

[5] The first petition was heard and denied by the Honorable Lisa B. Lench. The second petition was heard and denied by the Honorable Michael D. Carter.

6

(2016) 63 Cal.4th 522, the court found the facts supported the jury's finding that defendant was a major participant in the crime who displayed a reckless indifference to human life. Based on these findings, the trial court concluded that defendant had failed to make a prima facie showing of eligibility for relief, and on February 14, 2022, the court denied the second petition.

Defendant filed a timely notice of appeal from the order.

## DISCUSSION

Defendant and the People agree that due to the change in law after the first petition was denied, the second petition was not barred.

In denying the first petition, the trial court reviewed the facts summarized in *People v. Aikens et al.*, *supra*, B270559, and found "that the evidence weighs in significant favor to the finding by the court of appeal that there was substantial evidence that [defendant] was the actual killer in this matter." After that ruling, the California Supreme Court limited the use of facts set forth in appellate opinions and held that the court may not weigh evidence or engage in factfinding at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th 971–972.) The Legislature then codified the *Lewis* holding. (See Stats. 2021, ch. 551, § 1, subds. (b), (d).) To bar a second petition on the basis of procedure held to be improper by the Supreme Court and the Legislature "would thwart Senate Bill No. 1437's overall purpose of ensuring that 'a person's sentence is commensurate with his or her individual criminal culpability' [citations], and that 'all those entitled to resentencing are able to obtain relief.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 950, citing and quoting *Lewis*, *supra*, 11 Cal.5th at pp. 968, 971, and *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.)

7

The trial court here did not find the decision in *Lewis*, *supra*, changed the law or that it held the court could not make factual findings. Regardless of whether *Lewis* made new law or that it did not, it significantly clarified the procedure to be followed at the prima facie stage. As our high court recently explained, a judicial opinion clarifying existing law can amount to "the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue." (*People v. Strong* (2022) 13 Cal.5th 698, 717 (*Strong*).) As recognized by the Legislature in Senate Bill No. 775, *Lewis* was such an opinion, and we thus agree with the parties that the trial court erred in denying the petition as successive.

We also agree with both parties that the *Strong* decision, published not long after the trial court denied the second petition, requires remand so the trial court can issue an order to show cause and conduct an evidentiary hearing pursuant to section 1172.6, subdivision (d). As stated in *Strong*, " '[a] finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing' . . . ." (*Strong, supra*, 13 Cal.5th at p. 720.) The court explained that "[t]he Legislature has made explicit in a recent amendment to the predecessor to section 1172.6, [that] a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing. (Former § 1170.95, subd. (d)(3), as amended by Stats. 2021, ch. 551, § 2.) *Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place.*" (*Strong, supra*, at p. 720, italics added.)

Thus the trial court erred in denying defendant's sufficiently pleaded petition at the prima facie stage based upon its finding that substantial evidence supported a murder conviction, either as the actual killer or as a major participant in an underlying felony who acted with reckless disregard for human life.  In *Banks*, *supra*, 61 Cal.4th 788, and *Clark, supra,* 63 Cal.4th 522, our Supreme Court enunciated factors for determining whether a participant played a major role and acted with reckless disregard for human life, making *Banks* and *Clark* comparable to the kind of significant change in law traditionally found to warrant a reexamination of earlier litigated decisions. (*Strong*, *supra*, 13 Cal.5th at pp. 719–720.)  As defendant was convicted in 2014, prior to the publication of *Banks* and *Clark*, the jury's true finding under the felony-murder special circumstance of section 190.2, subdivision (a)(17), was based on outdated standards and did not authorize the denial of the petition.  (See *Strong, supra*, at pp. 717–720.)  Furthermore, the trial court was not authorized to make its own determination by weighing the facts in relation to the clarified *Banks* and *Clark* factors as factfinding is prohibited at the prima facie stage.  By doing just that the court denied defendant a determination beyond a reasonable doubt that the correct standards were met. (See *Strong, supra*, at pp. at p. 720, citing *Lewis, supra,* 11 Cal.5th at p. 972.)

Thus we remand the matter for the issuance of an order to show cause and further proceedings in accordance with section 1172.6, subdivision (d).

## DISPOSITION

The denial of the section 1172.6 petition is reversed. The matter is remanded with directions to issue an order to show cause pursuant to section 1172.6, subdivision (c) and for further proceedings in accordance with subdivision (d).

NOT TO BE PUBLISHED.

_____
CHAVEZ, J.

We concur:


_____
LUI, P. J.


_____
ASHMANN-GERST, J.